UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10644-RWZ

JOHN P. MEDGYESY,
Individually and in His Capacity as Trustee for JPM FAMILY TRUSTS

v.

ERMA S. MEDGYESY *et al.*

MEMORANDUM AND ORDER

November 26, 2012

ZOBEL, D.J.

This case arises from a dispute over the ownership of certain trust funds. Defendants have moved to dismiss for lack of personal jurisdiction or alternatively to transfer the matter to the U.S. District Court for the Northern District of Illinois.

A district court may transfer any civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The burden of proof rests with the party seeking a transfer, and there is a strong presumption in favor of the plaintiff's choice of forum. Astro-Med, Inc. v. Nihon Kohden Am., 591 F.3d 1 (1st Cir. 2009). However, the court may consider a number of additional factors beyond the plaintiff's choice of forum, including the convenience of parties and witnesses, the law to be applied, the connection between the forum and the issues, and the interests of the relevant states

and the public. World Energy Alts. v. Settlemyre Indus., 671 F. Supp. 2d 215, 218 (D. Mass. 2009).

The plaintiff has chosen to bring this case in Massachusetts, and so there is a strong presumption in favor of retaining jurisdiction here and denying the motion to transfer. However, given the particular circumstances of this case, other factors outweigh that presumption.

First, Illinois is much more closely connected to this case than Massachusetts. The trust funds at issue were established in Chicago and administered there for many years. The commingling of the trust funds (leading to the present confusion over their ownership) took place in Chicago. The allegedly excessive distributions were made and received in Chicago where all of the defendants reside. Much of the money presently at issue remains in Illinois bank accounts. Previous legal proceedings regarding these trusts have taken place in the Illinois state courts. By contrast, the only connections between Massachusetts and this case are that the plaintiff resides in Massachusetts and some of the trust funds have been transferred to a Massachusetts account.

Second, the convenience of the parties and witnesses favors Illinois. Although the plaintiff lives in Massachusetts, all of the defendants live in Illinois. Furthermore, as the underlying events took place in Illinois, it appears that most of the relevant witnesses and documents will be more readily available there.

Third, Illinois law will presumably apply in this case, as all of the underlying events took place in Illinois.

Fourth, given the connections to each forum discussed above, Illinois has a

greater interest in this case than Massachusetts.

For those reasons, it is hereby ORDERED that this case be transferred to the U.S. District Court for the Northern District of Illinois.

    November 26, 2012                                  /s/Rya W. Zobel
              DATE                                                   RYA W. ZOBEL
                                                                   UNITED STATES DISTRICT JUDGE